**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000916
25-APR-2019
07:53 AM**

NO. CAAP-17-0000916

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
FRED F. FARZAMI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-17-010275)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Fred F. Farzami appeals from the
Notice of Entry of Judgment and/or Order and Plea/Judgment, filed
on December 26, 2017, in the District Court of the First Circuit,
Honolulu Division ("District Court").[1]  Judgment in favor of the
State was entered, finding that Farzami violated Hawaii Revised
Statutes ("HRS") section 291C-137(a) (Supp. 2016), Mobile
Electronic Devices.

On appeal, Farzami contends that (1) the deputy sheriff
who issued the citation mistook Farzami's earpiece for a mobile
device, and (2) he was "parked far enough from the driveway of
Costco[,] which makes that a private property," and, thus, HRS
section 219C-137 is inapplicable.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, we
resolve Farzami's points of error as follows and affirm:

---

[1]  The Honorable Florence T. Nakakuni presided.

Without a transcript of the proceeding, there is no basis to review Farzami's alleged use of an earpiece instead of a mobile device as set forth in the citation or whether Farzami was using an electronic device in the private parking lot of Costco or, as set forth in the citation, at the intersection turning right on to Dillingham Boulevard, which is a public way, street, road, or highway to which HRS section 291C-137(a) is applicable. Haw. Rev. Stat. § 291C-137(e). *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995).

Furthermore, to the extent that Farzami contends that the District Court erred because it believed the State's evidence with regard to what the deputy sheriff saw and where Farzami was when the deputy sheriff saw it, we are unable to provide any relief. "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence because this is the province of the trial judge." *Porter v. Hu*, 116 Hawai'i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting *State v. Eastman*, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on December 26, 2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, April 25, 2019.

On the briefs:

Fred F. Farzami,
Pro Se Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

2